
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMA ELENA MARTINEZ, | No. 11-71180 |
| Petitioner, | Agency No. A096-510-467 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 29, 2015[**]
San Francisco, California

Before: TASHIMA and PAEZ, Circuit Judges, and BLOCK, Senior District Judge.[***]

Norma Elena Martinez, a native and citizen of Mexico, petitions for review

of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

from an Immigration Judge's ("IJ") determination that she made a false claim of citizenship under 8 U.S.C. § 1182(a)(6)(C)(ii). We have jurisdiction to review the final order of removal under 8 U.S.C. § 1252(a), and we deny the petition.

**1.** Substantial evidence supports the IJ's adverse credibility determination. "We review findings of fact for substantial evidence." *Valadez-Munoz v. Holder*, 623 F.3d 1304, 1308 (9th Cir. 2010). Credibility determinations are findings of fact. *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). "'To reverse [such a] finding we must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it.'" *Id.* (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)). Martinez admitted that she had misled immigration authorities about her name on multiple occasions. Her misrepresentations and actions before immigration officers constitute substantial evidence that supports the IJ's adverse credibility determination. *See Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005).

**2.** The IJ and BIA did not err in determining that Martinez falsely represented herself to be a U.S. citizen under § 1182(a)(6)(C)(ii). *See Valadez-Munoz*, 623 F.3d at 1308. Because the IJ determined that Martinez's testimony was not credible, we consider a sworn statement from Martinez and an I-213 Form completed by immigration officers, both of which are in the administrative record.

Her sworn statement and the I-213 Form support the determination that Martinez attempted to enter the United States by intentionally presenting a false U.S. birth certificate. The IJ and BIA did not err in so ruling.

**3.** The record does not contain credible evidence that Martinez timely recanted. "[W]hen a person supposedly recants only when confronted with evidence of his prevarication, the [doctrine of timely recantation] is not available." *Valadez-Munoz*, 623 F.3d at 1310. The I-213 Form indicates that Martinez had "present[ed]" a false birth certificate and that "[t]he primary inspector suspected [Martinez] was not the rightful[] owner of the document and referred [Martinez] to secondary [inspection] for further investigation. During the secondary inspection, [Martinez] admitted true identity and nationality." On this record, the IJ and BIA did not err, given that Martinez failed to show that she had recanted before immigration officers exposed her misrepresentation.

**PETITION FOR REVIEW DENIED.**